UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EARL LAPHAM,

        Plaintiff,                Civil Action No. 2:23-CV-11011
                                              HON. GEORGE CARAM STEEH
v.

SAGINAW REGIONAL FACILITY, et. al.,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING THE CIVIL RIGHTS COMPLAINT

### I.  Introduction

Before the Court is Plaintiff Kenneth Earl Lapham's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan.  The Court has reviewed the complaint and now **DISMISSES** it for failing to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims that on March 6, 2023, he was involved in some unspecified incident at the Saginaw Correctional Facility, for which he taken and placed in an administrative segregation unit.  Plaintiff was ordered to stand in a shower during a strip search.  Plaintiff asked the guard to provide him with shower shoes, but was denied this request. Plaintiff claims he was forced to stand in a dirty shower area in his bare feet.  Plaintiff was allowed to get dressed after the strip search but he claims he was forced to stand for two hours because there was no chair in this particular cell.

Plaintiff was eventually moved to another cell.  Plaintiff told corrections officers that he has a bottom bunk assignment but the officers told him they did not have this information in their computer system. Plaintiff informed them that he had the paperwork for his bottom bunk

assignment in his property, which he had not received yet.  Plaintiff was advised that one of the officers would have to contact health care about this and proceeded to assign plaintiff a top bunk bed.  Plaintiff was not initially given a bedroll for his bed, even though he requested one.  Plaintiff was forced to sleep the first night in administrative segregation without a pillow, blanket, or sheets.

The next day, March 7, 2023, plaintiff was called to the desk to receive his property.  Plaintiff noticed several of his personal items were missing, including a television set.  Plaintiff informed one of the corrections officers who made some calls to investigate the whereabouts of plaintiff's missing property.

Later that day, plaintiff was moved to another unit of the prison where he was again not initially provided with a bedroll for his bed. Plaintiff was again forced to sleep a second night without a pillow, blanket, or bedsheets.

The next day, March 8, 2023, plaintiff learned that much of his property was still missing, including his blood pressure medication. Although a sergeant came later that evening and went through plaintiff's property with him, prison staff were unable to locate plaintiff's missing property.  Plaintiff claims that the stress over his missing property caused

him to become dizzy and suffer a headache. Plaintiff informed prison staff that his blood pressure medication was among the items missing from his property. Plaintiff acknowledges that on this third night in the unit he did receive a bedroll for his bed.

On March 9, 2023, plaintiff spoke with a prison counselor about the missing medication and she called the health department. The health department told her that they would order plaintiff's blood pressure medication. The next day, the counselor called the medical department again. The counselor was informed that the medical department had been too busy to order plaintiff's medication the day before but that they would order it today. For several days, plaintiff continued to inquire about his blood pressure medication, with no success in obtaining it. Plaintiff indicates he finally received his blood pressure medication on March 17, 2023. Plaintiff claims he suffered from pressure migraines, nausea, dizziness, and acid reflux for 10 days as a result of being denied his blood pressure medication as well as the stress from the loss of his personal property.

Plaintiff seeks monetary damages.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, plaintiff claims that he was denied shower shoes and forced to stand in a dirty shower stall.

The U.S. Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). On the other hand, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment protects prisoners from the denial of the basic elements of hygiene. *See Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).

Plaintiff's allegation that he was forced to stand in a dirty shower on a single occasion fails to state a claim for relief because he alleges no serious risk to his health. *See Ishaaq v. Compton,* 900 F. Supp. 935, 943 (W.D. Tenn. 1995). "To the extent that he alleges that the showers were dirty, he has not alleged conditions so bad that society chooses not to tolerate them." *Id.*

Plaintiff next claims that he was forced to stand in the first cell he was taken to for two hours because the guards could not, or would not, provide him with a chair. Plaintiff's claim that he was compelled to stand for two hours in his cell while awaiting transfer to another cell fails to state a claim for relief. *See e.g. Harris v. Murray*, 761 F. Supp. 409, 415 (E.D. Va.

1990)(Inmate's claim that he was occasionally forced to stand while eating due to insufficient seating space in dining area did not state sufficient facts to warrant finding of cruel and unusual punishment).

Plaintiff next alleges he was not provided with bedding for the first two nights that he was in the segregation unit.

"Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation." *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989). Although plaintiff's allegations suggest that he was subjected to discomfort by the brief deprivation of a pillow, blanket, and sheets, he has not demonstrated that this left him at a substantial risk of serious harm. *Assi v. Hanshaw*, --- F. Supp. 3d---, 2022 WL 4069194, at * 15 (S.D. Ohio Sept. 2, 2022).

Plaintiff next contends that he was forced to sleep in a top bunk bed even though he had a designation to sleep in a bottom bunk bed, presumably for some health reason.

The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and

wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).

The test to ascertain whether prison or jail officials were deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has both an objective and subjective component. *Napier v. Madison County, Ky.,* 238 F. 3d 739, 742 (6th Cir. 2001)(citing to *Brown v. Bargery,* 207 F. 3d 863, 867 (6th Cir. 2000)). Under the objective component, the inmate must establish that the alleged deprivation is sufficiently serious and poses a substantial risk of serious harm. The subjective component is established if the inmate shows that prison officials had a "sufficiently culpable state of mind." *Napier v. Madison County, Ky.,* 238 F. 3d at 742 (citing to *Farmer v. Brennan,* 511 U.S. at 834). In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health." *Logan v. Clarke*, 119 F. 3d 647, 649 (8th Cir. 1997).

Plaintiff is not entitled to relief on his claim that he was denied a bottom or lower bunk because he has failed to allege or show that he had serious medical need that required him to use a lower bunk, *See Robbins v. Black*, 351 F. App'x 58, 62 (6th Cir. 2009), or that the use of a top bunk

could or did aggravate any pre-existing health condition. *See Mulazim v. Corrigan*, 7 F. App'x 427, 430 (6th Cir. 2001).

Plaintiff next contends that prison officials were deliberately indifferent to his medical condition by failing to provide him with his blood pressure medication for ten days, after it had been lost during his transfer to administrative segregation.

Plaintiff's Eighth Amendment rights were not violated by the brief lapse in the supply of his blood pressure medication, because there is no allegation or showing that prison personnel intentionally withheld this medication. *See Jones v. Martin*, 9 F. App'x 360, 362 (6th Cir. 2001). Moreover, plaintiff's Eighth Amendment rights were not violated by the brief delay in providing him with his hypertension medication where there were little or no adverse medical consequences from this brief delay. *See Dean v. Conley*, 20 F. App'x 294, 296 (6th Cir. 2001).

Plaintiff finally seeks monetary damages for the loss of his personal property.

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S.

517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999).  A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983).  If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan.  "State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999).  Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure

to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's property would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001).

The Court dismisses the complaint with prejudice. Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V.  ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 10, 2023, by electronic and/or ordinary mail and also on Kenneth Lapham #741617, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Mike Lang
Deputy Clerk